| STATE OF INDIANA | ) | IN THE MARION SUPERIOR/CIRCUIT COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO.: 49 490.30765CA019266 |

WILLIAM JOHNSON and
LISA JOHNSON,

    Plaintiffs,

vs.

PHOENIX ARMS
    Defendants.

FILED

(46) MAY 10 2007

Elizabeth L. White
CLERK OF THE MARION CIRCUIT COURT

## COMPLAINT FOR DAMAGES

Come now the Plaintiffs, by counsel, for their Complaint for Damages against the Defendants and allege and say the following:

### FACTS APPLICABLE TO ALL COUNTS

1. The Plaintiff, William Johnson, is a resident of Grant County, Indiana.

2. The Plaintiff, Lisa Johnson, is a resident of Grant County, Indiana and, at all relevant times, was and is the lawful wife of the Plaintiff, William Johnson.

3. The Defendant, Phoenix Arms, is a foreign corporation organized and existing under the laws of the State of California and regularly does business in the State of Indiana and County of Marion, and at all times mentioned herein, was engaged in the business of designing, manufacturing, assembling, packaging, labeling, and marketing fire-arms which Defendant placed into the stream of commerce in Indiana.

4. All acts and omissions of Defendant, herein alleged were performed and/or omitted by and through employees, agents, and representatives of Defendant while they were acting with the course and scope of their employment.

5. Prior to December 30, 2006, Plaintiff, William Johnson purchased a new

Phoenix Arms HP22A, 3 inch barrell firearm, Serial Number 42760011 (the "firearm"), from a sporting good store in Marion, Indiana.

6. On December 30, 2006, while unloading the firearm Plaintiff, William Johnson, despite exercising due care and diligence, suffered a traumatic injury to his left hand when the firearm improperly and without warning discharged, despite the fact that the firearms' safety switch was engaged.

## Count I

### Negligence

7. Plaintiffs incorporate by reference, rhetorical paragraphs 1 through 6 of their Complaint.

8. The firearm purchased by Plaintiff William Johnson, was manufactured by Defendant.

9. At all times mentioned herein, Defendant, was careless, reckless and negligent in one or more of the following acts and/or omissions as follows:

   a. Defendant carelessly, recklessly and negligently failed to design and manufacture the aforementioned firearm so that it would be safe for its intended use;

   b. Defendant carelessly, recklessly and negligently failed to warn or instruct users and/or consumers, including Plaintiff William Johnson, of the dangers involved in the use of said firearm and the inherent dangers associated with the design and/or manufacture of the firearm;

   c. Defendant carelessly, recklessly and negligently marketed the aforementioned firearm, when they knew or should have known that the firearm was unsafe for its intended use;

   d. Defendant carelessly, recklessly and negligently marketed the aforementioned firearm knowing that the product was to be used without inspection or adequate testing for defects;

and

e.  Defendant carelessly, recklessly and negligently failed to provide adequate labeling, warnings, and/or instructions to users and/or consumers, including Plaintiff William Johnson, regarding the dangers associated with the use and operation of the aforementioned firearm.

10.  As a direct and proximate result of the carelessness and negligence of the Defendant, Plaintiff William Johnson sustained severe and permanent injuries including, but not limited to, damage to his left hand resulting in permanent loss of use of his left middle phalange and joints and left hand, which has resulted in severe and continuing physical pain and mental anguish and suffering emotional distress and the loss of enjoyment of life.

11.  As a direct and proximate result of the carelessness and negligence of the Defendant, Plaintiff William Johnson has been required to engage the services of health care providers for medical treatment and multiple surgeries, and has incurred and will incur in the future expenses for such treatment.

12.  The Plaintiff, William Johnson, was gainfully employed at the time of the aforementioned incident and, as a direct and proximate result of the injuries he sustained from this incident, has been forced to miss time from work, and take a different job with a lower pay scale, thereby incurring significant and continuing loss of wages; further, Plaintiff William Johnson will miss work in the future and will suffer a diminished earning capacity and lost future income.

13.  As a direct and proximate result of the negligence of the Defendant, the Plaintiff, William Johnson, has been further damaged in a nature and amount to be proven at trial of this cause.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant, in an amount commensurate with their damages, for costs of this action, for trial by jury, and for all other relief just and proper in the premises.

## Count II

### Strict Product Liability

Come now the Plaintiffs, by counsel, and for Count II of their Complaint for Damages against the Defendant, allege and assert the following:

14. Plaintiffs incorporate by reference paragraphs 1 through 13 of their Complaint for Damages as if fully set forth herein.

15. On or about December 30, 2006, the Plaintiff, William Johnson, was injured while operating a firearm which was designed, manufactured, assembled, packaged, labeled and marketed by the Defendant.

16. At all times mentioned herein, the aforementioned firearm was substantially in the same condition as at the time of its design, manufacture, assembly, sale, promotion, and delivery by the Defendant.

17. That at the time the aforementioned firearm in question was placed into the stream of commerce, the firearm was defective and unreasonably dangerous for its intended purpose.

18. The aforementioned incident of December 30, 2006, was a direct and proximate result of the defective condition of the aforementioned firearm which rendered it unreasonably dangerous.

19. As a direct and proximate result of the defective condition of the aforementioned firearm which rendered it unreasonably dangerous, the Plaintiff,

William Johnson, sustained severe and permanent injuries, including but not limited to, permanent loss of use of his left middle phalange and joint and left hand, which has resulted in severe and continuing physical pain and mental anguish and suffering, severe emotional distress and the loss of enjoyment of life.

20.    As a direct and proximate result of the carelessness, recklessness and negligence of the Defendant, William Johnson has been require to engage the services of health care providers for medical treatment and multiple surgeries and has incurred and will incur in the future expenses for such treatment.

21.    The Plaintiff, William Johnson, was gainfully employed at the time of the aforementioned incident and, as a direct and proximate result of the injuries he sustained from this incident, has been forced to miss time from work, and take a different job with a lower pay scale, thereby incurring significant and continuing loss of wages; further, Plaintiff William Johnson will miss work in the future and will suffer a diminished earning capacity and lost future income.

22.    As a direct and proximate result of the negligence of the Defendant, the Plaintiff, William Johnson, has been further damaged in a nature and amount to be proven at trial of this cause.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant, in an amount commensurate with their damages, for costs of this action, for trial by jury, and for all other relief just and proper in the premises.

### Count III

### *Res Ipsa Loquitur*

23.    Plaintiffs incorporate herein by reference rhetorical paragraphs 1 through

22 of their Complaint.

24. At the time of design, manufacture, assembly, packaging, labeling and marketing, the object referenced herein (namely, the certain firearm) was in the exclusive management and control of Defendant.

25. The incident which occurred on December 30, 2006, is the type of incident that does not ordinarily happen if those who have the management and control of the object at issue (i.e., the firearm) exercise proper care.

26. As such Defendant, was negligent, thereby causing Plaintiffs' injuries and damages described herein, and Plaintiffs are entitled to an inference and presumption to that end.

27. As a result of Defendant's carelessness, recklessness and negligence, Plaintiffs have suffered injuries and damages, as previously discussed, and in an amount to be proven at trial.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant, in an amount commensurate with their damages, for costs of this action, for trial by jury, and for all other relief just and proper in the premises.

## Count IV

### *Loss of Consortium*

28. Plaintiffs incorporate herein by reference rhetorical paragraphs 1 through 27 of their Complaint.

29. By reason of the injuries suffered by William Johnson, Plaintiff, Lisa Johnson, his wife, was caused the suffer the loss of her Husband's love, affection, society, and has also been damaged thereby.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant, in an amount commensurate with their damages, for costs of this action, for trial by jury, and for all other relief just and proper in the premises.

### DEMAND FOR TRIAL BY JURY

WHEREFORE, Plaintiffs hereby request that all issues so triable be tried before a jury.

Respectfully submitted,

William W. Gooden, # 19358-49
Andrew R. Bloch, #24096-49
Pastore & Gooden, P.A.
302 North Alabama Street
P.O. Box 44947
Indianapolis, IN  46244-0947
(317) 638-3333

Attorneys for Plaintiffs